# Exhibit "A"

85004
A6037

1 | **JAY S. ROTHMAN & ASSOCIATES**
JAY S. ROTHMAN, ESQ. (SBN 49739)
2 | KENNETH R. MYERS, ESQ. (SBN 207103)
21900 Burbank Boulevard, Suite 210
3 | Woodland Hills, California 91367
Tel. (818) 986-7870
4 | Fax (818) 990-3019
lawyers@jayrothmanlaw.com and
5 | kmyers@jayrothmanlaw.com

6 | Attorney for Plaintiff
TAMMY BRAWNER

7

**FILED**
Superior Court of California
County of Los Angeles

AUG 2 6 2015

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Moses Soto

D-38
Maureen Duffy-Lewis

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF LOS ANGELES**

10 | TAMMY BRAWNER, an individual,

CASE NO.  **BC 5 9 2 6 4 8**

11 |             Plaintiff,

**COMPLAINT FOR DAMAGES**

12 | vs.

13 | HARLEM GLOBETROTTERS
INTERNATIONAL, INC., a Nevada
14 | corporation; JIMMY BLACKLOCK, an
individual; and DOES 1 through 50,
15 | inclusive,

16 |             Defendants.

1. **QUID PRO QUO SEXUAL HARASSMENT** (Gov. C. §12940, et seq.)
2. **HOSTILE WORK ENVIRONMENT HARASSMENT - GENDER** (Gov. C. §12940, et seq.)
3. **WORKPLACE DISPARATE TREATMENT - GENDER, PREGNANCY, DISABILITY, PERCEIVED DISABILITY**(Gov. C. §12940, et seq.)
4. **FAILURE TO TAKE ALL REASON-ABLE STEPS TO PREVENT DISCRI-MINATION** (Gov. C. §12940, et seq.)
5. **RETALIATION** (FEHA, CFRA, Lab. Code § 1102.5, Common Law)
6. **WRONGFUL CONSTRUCTIVE TERMINATION IN VIOLATION OF PUBLIC POLICY** (FEHA, CFRA, Lab. Code § 1102.5, Common Law)
7. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
8. **DEFAMATION PER SE**

**[DEMAND FOR JURY TRIAL]**

RECEIPT #: CCH524880068
DATE PAID: 08/26/15  01:45 PM
PAYMENT: $435.00
RECEIVED:
CHECK
CASH
CHANGE
CARD

$435.00
$0.00
$0.00
$0.00

310

CII/CASE:
LEA/DEF#:

BC592648

08/26/2015

## STATEMENT OF FACTS

Defendant HARLEM GLOBETROTTERS INTERNATIONAL, INC. ("HGI") manages three exhibition basketball teams that tour worldwide under the name "Harlem Globetrotters." Plaintiff TAMMY BRAWNER was employed by defendant as a basketball player on one of those three teams from around November of 2012 to April of 2015. Plaintiff was the only female player on her team. During plaintiff's final year of employment, she was subjected to sexual harassment, discrimination based on pregnancy/perceived disability, retaliation and wrongful termination.

From 2012 to 2014, plaintiff was performing very well and was considered an asset to HGI. The trouble started in or around 2014, when defendant Jimmy Blacklock, ("Coach Blacklock") was assigned as coach of plaintiff's basketball team. Coach Blacklock repeatedly made inappropriate, offensive and harassing comments. Some comments were made to plaintiff, some were made in her presence, and some where made about her which she learned of later. The comments were of a sexual nature and related to gender, and included the following:

- At least once, he called plaintiff his girlfriend, which she found offensive and patronizing.
- On multiple occasions he made comments that implied that plaintiff -- who was happily married -- was having sexual relations with a male teammate, who was also married.
- When plaintiff confronted Coach Blacklock and asked him to stop, he responded by stating, in essence, that he did not know her well enough to know that she was not a slut, adulterer and home wrecker.
- Coach Blacklock told plaintiff's teammates to stay away from her because she was a seductress who would ruin their marriages.
- Coach Blacklock started a rumor that plaintiff had slept with her prior coach.

These offensive comments and lies were highly offensive and upsetting to plaintiff and, as a result, she complained to the general manager of HGI. The general manager did

COMPLAINT FOR DAMAGES

08/26/2015

1  nothing to address Coach Blacklock's misconduct and, instead, he fired plaintiff shortly after

2  she made the complaint. The termination was substantially in retaliation for plaintiff

3  complaining about Coach Blacklock's harassing and discriminatory comments.

4      In addition, a few months before plaintiff's termination, plaintiff began having bouts

5  of nausea and sickness. Plaintiff's symptoms were bad enough that she had to go to urgent

6  care. During plaintiff's bouts of sickness, Coach Blacklock ordered plaintiff to report to

7  practices and games, and to suit up for them, even then she was too sick to play. This served

8  no legitimate business purpose, but was a way for Coach Blacklock to make plaintiff suffer in

9  retaliation for her complaining about his offensive sexual harassment. Thus, plaintiff had to

10  spend many days agonizing in uniform in a noisy gymnasium while sick and nauseated.

11      In mid-April, plaintiff finally took medical leave from the team due to her sickness

12  and returned home to recover, missing the last two and a half weeks of the season. After

13  taking her leave, plaintiff found out around that she was pregnant, which was the reason for

14  the sickness she had been experiencing. Plaintiff was fired a few week after taking her

15  medical leave. Plaintiff's sickness, her pregnancy/ perceived disability, and her taking of

16  protected medical leave were motivating factors in her termination in addition to her

17  complaints about sexual harassment.

18      Due to defendants' sexual harassment, discrimination and retaliation, plaintiff has

19  suffered wrongful termination, loss of income, loss of earnings capacity, great

20  embarrassment, severe physical distress, emotional distress and mental anguish, as well as

21  other damages. Defendants' misconduct was outrageous and caused plaintiff severe

22  emotional distress and other damages.

23                          **GENERAL ALLEGATIONS**

24  A.      **THE PARTIES.**

25      1.      Plaintiff TAMMY BRAWNER ("plaintiff") is an individual residing in the

26  County of Los Angeles, State of California.

27  ///

28  ///

COMPLAINT FOR DAMAGES

2.      On information and belief, defendant HARLEM GLOBETROTTERS INTERNATIONAL, INC. ("HGI"), is a for-profit Nevada corporation which regularly does business in the County of Los Angeles, State of California.

3.      On information and belief, defendant JIMMY BLACKLOCK ("Coach Blacklock"), is an individual whose residence is not known, but who regularly works in the County of Los Angeles, State of California.

4.      Plaintiff does not know the true names of defendants DOES 1 through 50, inclusive, and therefore sues them by those fictitious names.  Plaintiff is informed and believes, and on the basis of that information and belief alleges, that each of these Doe defendants was in some manner legally and proximately responsible for the events and happenings alleged in this complaint and for plaintiff's injuries and damages alleged herein.

5.      Plaintiff is informed and believes, and on the basis of that information and belief alleges, that, at all times mentioned in this complaint, each defendant was the agent and employee of every other defendant was acting in the course and scope of such agency in doing any and all wrongful acts and causing any and all injuries as alleged herein.

6.      Plaintiff is informed and believes, and on the basis of that information and belief alleges, that, at all times mentioned in this complaint, each defendant was affiliated with and/or was the alter ego for and/or was the successor-in-interest for and/or assumed the liabilities of every other defendant on the claims asserted herein and authorized and ratified the conduct of every other defendant alleged herein.

7.      All defendants (the named defendant and the doe defendants) are hereafter referred to as "defendants."

**B.     PROCEDURAL PRE-REQUISITES.**

8.      Plaintiff has filed a claim with the California Department of Fair Employment and Housing ("DFEH"), pursuant to California *Government Code* section 12965(b) and the California Fair Employment and Housing Act ("FEHA").  Plaintiff filed such claim in a timely fashion and received a "right-to-sue" letter.  Attached as Exhibit 1 is a true and correct copy of the claim against defendant and the "right-to-sue" letter received.

## C.    THE SEXUAL HARASSMENT.

9.    Plaintiff is a female.

10.    At all times relevant to this action, HGI owned and managed three exhibition basketball teams that regularly toured internationally.  These tours regularly included exhibition games in Los Angeles and elsewhere in California.

11.    At all times relevant to this action, Coach Blacklock was employed by HGI and coached one of the exhibition basketball teams that regularly toured internationally.  In the role, he regularly came to and worked exhibition games in Los Angeles and elsewhere in California.  At all times relevant to this action, Coach Blacklock was a managerial employee of HGI with managerial or supervisory authority over plaintiff.

12.    At all relevant times, HGI and Coach Blacklock had significant contact with and business dealings with the State of California.

13.    In or around November of 2012, HGI approached plaintiff and offered her a job working for HGI as a basketball player.  At the time this offer was made, plaintiff resided in the County of Los Angeles, State of California.  Plaintiff accepted this offer while in the County of Los Angeles, State of California.  Plaintiff signed the employment agreement while in the County of Los Angeles, State of California.  This business relationship was initiated by HGI, which thereby injected itself into the stream of commerce in California.

14.    At the time that plaintiff was hired by HGI and entered into an employment contract with HGI, she had no idea in which cities HGI maintained headquarters, and was not aware that it did not maintain headquarters in Los Angeles, California.

15.    From 2012 to 2014, plaintiff performed well for HGI and had no significant issues with her employment, but was well-received and considered an asset to HGI.

16.    In or around the Fall of 2014, Coach Blacklock was assigned as manager of plaintiff's basketball team.  From Fall of 2014 through Spring of 2015, Coach Blacklock repeatedly made inappropriate, offensive and harassing comments.  Some comments were made to plaintiff, some were made in her presence, and some where made about her which

///

COMPLAINT FOR DAMAGES

1  she learned of later.  The comments were of a sexual nature and related to gender, and

2  included the following:

3         • At least once, he called plaintiff his girlfriend, which she found

4           offensive and patronizing.

5         • On multiple occasions he made comments that implied that plaintiff --

6           who was happily married -- was having sexual relations with a male

7           teammate, who was also married.

8         • When plaintiff confronted Coach Blacklock and asked him to stop, he

9           responded by stating, in essence, that he did not know her well enough

10           to know that she was not a slut, adulterer and home wrecker.

11         • Coach Blacklock told plaintiff's teammates to stay away from her

12           because she was a seductress who would ruin their marriages.

13         • Coach Blacklock started a rumor that plaintiff had slept with her prior

14           coach.

15  These offensive comments and lies were highly offensive and upsetting to plaintiff.

16      17.  In early 2015, Plaintiff complained to the general manager of HGI.  The

17  general manager did nothing to address Coach Blacklock's misconduct and, instead, plaintiff

18  was fired shortly thereafter.  The termination was substantially in retaliation for plaintiff

19  complaining about Coach Blacklock's harassing and discriminatory comments.

20      18.  In addition, in or around the spring of 2015, months before her termination,

21  plaintiff began having bouts of nausea and sickness.  Plaintiff's symptoms were bad enough

22  that she had to go to urgent care.  However, contrary to company policy, Coach Blacklock

23  ordered plaintiff to report to practices and games, and to suit up for them even then she was

24  too sick to play.  This served no legitimate business purpose, but was a way for Coach

25  Blacklock to make plaintiff suffer in retaliation for her complaining about his offensive

26  sexual harassment.  Thus, plaintiff had to spend many days agonizing in uniform in a noisy

27  gymnasium while suffering from sickness and nausea.

28  ///

19.     In mid-April, plaintiff finally took a leave from the team due to her sickness and returned home to recover, missing the last two and a half weeks of the season.  After taking her leave, plaintiff found out around that she was pregnant, which was the reason for the sickness she had been experiencing.

20.     In or around May of 2015, HGI notified plaintiff that she was terminated, that her employment contract would not be renewed, and that she was not going to be rehired for the next term of employment (collectively, the "termination").  At the time that HGI terminated plaintiff, HGI knew plaintiff was pregnant or it perceived her as disabled due to her taking medical leave in April of 2015.

21.     Plaintiff's termination was substantially motivated by her taking protected medical/pregnancy leave, and by her sickness / perceived disability / pregnancy.

22.     Due to defendants' sexual harassment, discrimination and retaliation, plaintiff has suffered wrongful termination, loss of income, loss of earnings capacity, great embarrassment, severe physical distress, emotional distress and mental anguish, as well as other damages.

23.     Defendants' misconduct was outrageous and caused plaintiff severe emotional distress and other damages.

### FIRST CAUSE OF ACTION

### QUID PRO QUO SEXUAL HARASSMENT

*(Government Code §12940, et seq.)*

**(Against all Defendants)**

24.     All prior statements and allegation are hereby realleged and incorporated by reference except where to do so would be inconsistent with pleading the particular elements of this specific cause of action.

25.     At all relevant times, HGI employed more than five persons; HGI came into California to hire plaintiff knowing that she was a California resident; HGI knew that plaintiff remained a California resident throughout her employment; and HGI instructed plaintiff to perform job duties as a traveling performer both within and outside of California.  HGI was at

08/26/2015

1    all relevant times an employer subject to California Fair Employment and Housing Act

2    ("FEHA") with respect to plaintiff's employment.

3        26.    At all relevant times, Coach Blacklock was a managerial and supervisory

4    employee of HGI and was plaintiff's supervisor; Coach Blacklock knew that plaintiff was a

5    California resident; and Coach Blacklock performed his job duties for HGI, including

6    supervising plaintiff, as a traveling performer and such duties took place both within and

7    outside the State of California.  As such, Coach Blacklock was a supervisor of plaintiff within

8    the scope of FEHA.

9        27.    Plaintiff was an employee of defendants until in or around May of 2015.

10       28.    From 2014 to 2015, Coach Blacklock engaged in unwanted verbal conduct of

11   a sexual, offensive and harassing nature.  This conduct occurred while Coach Blacklock and

12   plaintiff were working as traveling performers, at various locations both within and outside

13   the State of California.

14       29.    Job benefits were conditioned, by words and conduct, expressly and/or

15   impliedly, on plaintiff's acceptance of this unwanted verbal conduct.  Specifically, when

16   plaintiff rejected this verbal conduct, she was subjected to adverse working conditions

17   including, but not limited to, being forced to suit up for games and sit in stadiums while sick

18   and unable to play, and being terminated.

19       30.    Employment decisions adversely affecting plaintiff were made based on

20   plaintiff's acceptance or rejection of Coach Blacklock's improper verbal conduct.

21       31.    Coach Blacklock was at all times a supervisor or manager for defendants.

22       32.    Coach Blacklock's harassment alleged herein was a substantial factor directly

23   and proximately causing harm and damages to plaintiff, in an amount to be proven at trial.

24   Such harm and damages include, but are not limited to, the following:

25           a.    Loss of earnings, employment benefits and reduced future earning

26                 capacity;

27           b.    Expenses incurred seeking to regain employment;

28   ///

c.   Necessary and reasonable attorneys' fees incurred by plaintiff to enforce her rights under FEHA;

d.   Pain and suffering, embarrassment, humiliation, emotional distress, mental anguish, and severe shock to plaintiff's nervous system causing injury or impairment to plaintiff's physical and mental health, strength and activity;

e.   Past and future expenses for medical, mental health and other health care products and services;

f.   Other general, special, incidental and consequential damages in an amount according to proof at the time of trial.

33.   Defendants engaged in this wrongful conduct with malice, oppression and/or fraud.  This wrongful conduct was committed, authorized or ratified by officers, directors or managing agents of defendants acting on behalf of defendants.  This wrongful conduct was despicable, was done with a willful and knowing disregard for the rights or safety of another, was done with intent to cause injury, subjected plaintiff to cruel and unjust hardship in knowing disregard of her rights.  Therefore, plaintiff is entitled to recover punitive damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### HOSTILE WORK ENVIRONMENT HARASSMENT - GENDER

*(Government Code §12940, et seq.)*

**(Against all HGI and Doe Defendants)**

34.   All prior statements and allegation are hereby realleged and incorporated by reference except where to do so would be inconsistent with pleading the particular elements of this specific cause of action.

35.   At all relevant times, HGI employed more than five persons; HGI came into California to hire plaintiff knowing that she was a California resident; HGI knew that plaintiff remained a California resident throughout her employment; and HGI instructed plaintiff to perform job duties as a traveling performer both within and outside of California.  HGI was at

08/26/2015

all relevant times an employer subject to California Fair Employment and Housing Act ("FEHA") with respect to plaintiff's employment.

36.    Plaintiff was an employee of defendants until in or around May of 2015.

37.    In 2014 and 2015, plaintiff was subjected to unwanted harassing conduct because of her gender.

38.    The unwanted harassing conduct was so severe, widespread, or persistent that a reasonable female in plaintiff's circumstances would have considered the work environment to be hostile or abusive.

39.    Plaintiff considered the work environment to be hostile or abusive.

40.    This harassment was committed by one or more supervisors with actual or reasonably perceived authority over plaintiff.  In addition, defendants and their management knew or should have known of the conduct and failed to take immediate and appropriate corrective action.

41.    This harassment was a substantial factor in causing harm to plaintiff.

42.    As a direct and proximate result of defendants' racial harassment, plaintiff was harmed and damaged in an amount to be proven at trial.  Such damages include, but are not limited to, the following:

  a. Substantial loss of earnings, employment benefits and reduced future earning capacity;

  b. Expenses incurred seeking to regain employment;

  c. Necessary and reasonable attorneys' fees incurred by plaintiff to enforce her rights under FEHA;

  d. Pain and suffering, embarrassment, humiliation, emotional distress, mental anguish, and severe shock to plaintiff's nervous system causing injury or impairment to plaintiff's physical and mental health, strength and activity;

  e. Past and future expenses for medical, mental health and other health care products and services;

COMPLAINT FOR DAMAGES

    f.    Other general, special, incidental and consequential damages in an amount according to proof at the time of trial.

43.    Defendants engaged in this wrongful conduct with malice, oppression and/or fraud. This wrongful conduct was committed, authorized or ratified by officers, directors or managing agents of defendants acting on behalf of defendants. This wrongful conduct was despicable, was done with a willful and knowing disregard for the rights or safety of another, was done with intent to cause injury, subjected plaintiff to cruel and unjust hardship in knowing disregard of her rights. Therefore, plaintiff is entitled to recover punitive damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### WORKPLACE DISPARATE TREATMENT - GENDER, DISABILITY, PERCEIVED DISABILITY, PREGNANCY

(Government Code §12940, et seq.)

### (Against all HGI and Doe Defendants)

44.    All prior statements and allegation are hereby realleged and incorporated by reference except where to do so would be inconsistent with pleading the particular elements of this specific cause of action.

45.    At all relevant times, HGI employed more than five persons; HGI came into California to hire plaintiff knowing that she was a California resident; HGI knew that plaintiff remained a California resident throughout her employment; and HGI instructed plaintiff to perform job duties as a traveling performer both within and outside of California. HGI was at all relevant times an employer subject to California Fair Employment and Housing Act ("FEHA") with respect to plaintiff's employment.

46.    Plaintiff was an employee of defendants until in or around May of 2015.

47.    Throughout said employment, defendants engaged in adverse employment actions toward plaintiff including, but not limited to, terminating plaintiff.

///

///

48.     Plaintiff's gender (female), and real or perceived disability (nausea and sickness due to pregnancy), and pregnancy were each, jointly and severally, a motivating reason for defendants' adverse employment actions toward plaintiff.

49.     Defendants' adverse employment actions were each, jointly and severally, a substantial factor in causing harm to plaintiff.

50.     As a direct and proximate result of defendants' adverse employment actions, plaintiff was harmed and damaged in an amount to be proven at trial.  Such damages include, but are not limited to, the following:

a.     Substantial loss of earnings, employment benefits and reduced future earning capacity;

b.     Expenses incurred seeking to regain employment;

c.     Necessary and reasonable attorneys' fees incurred by plaintiff to enforce her rights under FEHA;

d.     Pain and suffering, embarrassment, humiliation, emotional distress, mental anguish, and severe shock to plaintiff's nervous system causing injury or impairment to plaintiff's physical and mental health, strength and activity;

e.     Past and future expenses for medical, mental health and other health care products and services;

f.     Other general, special, incidental and consequential damages in an amount according to proof at the time of trial.

51.     Defendants engaged in this wrongful conduct with malice, oppression and/or fraud.  This wrongful conduct was committed, authorized or ratified by officers, directors or managing agents of defendants acting on behalf of defendants.  This wrongful conduct was despicable, was done with a willful and knowing disregard for the rights or safety of another, was done with intent to cause injury, subjected plaintiff to cruel and unjust hardship in knowing disregard of her rights.  Therefore, plaintiff is entitled to recover punitive damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### FAILURE TO TAKE ALL REASONABLE STEPS

### TO PREVENT DISCRIMINATION, HARASSMENT AND RETALIATION

*(Government Code §12940(k), et seq.)*

**(Against all HGI and Doe Defendants)**

52.     All prior statements and allegation are hereby realleged and incorporated by reference except where to do so would be inconsistent with pleading the particular elements of this specific cause of action.

53.     At all relevant times, HGI employed more than five persons; HGI came into California to hire plaintiff knowing that she was a California resident; HGI knew that plaintiff remained a California resident throughout her employment; and HGI instructed plaintiff to perform job duties as a traveling performer both within and outside of California.  HGI was at all relevant times an employer subject to California Fair Employment and Housing Act ("FEHA") with respect to plaintiff's employment.

54.     Plaintiff was an employee of defendants until in or around May of 2015.

55.     FEHA obligates covered employers to take all reasonable steps to prevent discrimination, harassment and retaliation.

56.     Defendants knew of actual or threatened discrimination, harassment and retaliation toward plaintiff due to her gender, real or perceived disability, and pregnancy and due to her complaints about gender discrimination and sexual harassment in violation of FEHA and wilfully failed to take all reasonable steps to prevent such discrimination, harassment and retaliation.

57.     As a direct and proximate result of defendants' failure to take all reasonable steps to prevent discrimination, harassment and retaliation toward plaintiff, plaintiff was harmed and damaged in an amount to be proven at trial.  Such damages include, but are not limited to, the following:

     a.     Substantial loss of earnings, employment benefits and reduced future earning capacity;

b.   Expenses incurred seeking to regain employment;

c.   Necessary and reasonable attorneys' fees incurred by plaintiff to enforce her rights under FEHA;

d.   Pain and suffering, embarrassment, humiliation, emotional distress, mental anguish, and severe shock to plaintiff's nervous system causing injury or impairment to plaintiff's physical and mental health, strength and activity;

e.   Past and future expenses for medical, mental health and other health care products and services;

f.   Other general, special, incidental and consequential damages in an amount according to proof at the time of trial.

58.   Defendants engaged in this wrongful conduct with malice, oppression and/or fraud. This wrongful conduct was committed, authorized or ratified by officers, directors or managing agents of defendants acting on behalf of defendants. This wrongful conduct was despicable, was done with a willful and knowing disregard for the rights or safety of another, was done with intent to cause injury, subjected plaintiff to cruel and unjust hardship in knowing disregard of her rights. Therefore, plaintiff is entitled to recover punitive damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## RETALIATION

*(FEHA, CFRA, Labor Code § 1102.5 and Common Law)*

**(Against all HGI and Doe Defendants)**

59.   All prior statements and allegation are hereby realleged and incorporated by reference except where to do so would be inconsistent with pleading the particular elements of this specific cause of action.

60.   At all relevant times, HGI employed more than fifty persons; HGI came into California to hire plaintiff knowing that she was a California resident; HGI knew that plaintiff remained a California resident throughout her employment; and HGI instructed plaintiff to

08/26/2015

perform job duties as a traveling performer both within and outside of California.  HGI was at all relevant times an employer subject to the anti-retaliation provisions of the Fair Employment and Housing Act (FEHA), the anti-retaliation provisions set forth in Labor Code section 1102.5, and the anti-retaliation provisions set forth in the California Family Rights Act (CFRA) with respect to plaintiff's employment.

61.  Plaintiff was an employee of defendants until in or around May of 2015.

62.  During said employment, plaintiff engaged in the protected activities of (a) complaining to defendants about violations of law in the workplace including gender discrimination and sexual harassment, (b) taking sick leave for a serious medical condition (pregnancy), and (c) taking pregnancy leave.

63.  When plaintiff complained to defendants about violations of law in the workplace including gender discrimination and sexual harassment in violation of FEHA, plaintiff was thereby communicating to defendants that she was refusing to participate in those violations of law and plaintiff led defendants to believe she had or would in the future report such violations of law to an appropriate governmental authority.

64.  Defendants engaged in adverse employment actions toward plaintiff including, but not limited to, forcing her to attend and dress in uniform for games and practices while experiencing great sickness and nausea, terminating plaintiff in or around May of 2015, and refusing to rehire plaintiff or renew her employment contract.

65.  Defendants' adverse employment actions toward plaintiff were substantially motivated by plaintiff's protected activities alleged herein including plaintiff complaining about sexual harassment and gender discrimination, plaintiff refusing to participate in violations of law, defendants' belief that plaintiff had or would report such violations to governmental authorities, plaintiff being sick, pregnant, and perceived as disabled by defendant, and plaintiff taking protected leave starting on or about April 9, 2015 due to her pregnancy and related sickness.

66.  Defendants' adverse employment actions were each, jointly and severally, a substantial factor in causing harm to plaintiff.

COMPLAINT FOR DAMAGES

67.     As a direct and proximate result of defendants' adverse employment actions, plaintiff was harmed and damaged in an amount to be proven at trial. Such damages include, but are not limited to, the following:

    a.    Substantial loss of earnings, employment benefits and reduced future earning capacity;

    b.    Expenses incurred seeking to regain employment;

    c.    Necessary and reasonable attorneys' fees incurred by plaintiff to enforce her rights under FEHA, CFRA and Labor Code section 1102.5;

    d.    Pain and suffering, embarrassment, humiliation, emotional distress, mental anguish, and severe shock to plaintiff's nervous system causing injury or impairment to plaintiff's physical and mental health, strength and activity;

    e.    Past and future expenses for medical, mental health and other health care products and services;

    f.    Other general, special, incidental and consequential damages in an amount according to proof at the time of trial.

68.     Defendants engaged in this wrongful conduct with malice, oppression and/or fraud. This wrongful conduct was committed, authorized or ratified by officers, directors or managing agents of defendants acting on behalf of defendants. This wrongful conduct was despicable, was done with a willful and knowing disregard for the rights or safety of another, was done with intent to cause injury, subjected plaintiff to cruel and unjust hardship in knowing disregard of her rights. Therefore, plaintiff is entitled to recover punitive damages in an amount to be determined at trial.

///

///

///

///

///

COMPLAINT FOR DAMAGES

### SIXTH CAUSE OF ACTION

### WRONGFUL TERMINATION

### IN VIOLATION OF PUBLIC POLICY

*(FEHA, CFRA, Labor Code § 1102.5 and Common Law)*

**(Against all HGI and Doe Defendants)**

69.     All prior statements and allegation are hereby realleged and incorporated by reference except where to do so would be inconsistent with pleading the particular elements of this specific cause of action.

70.     At all relevant times, HGI employed more than fifty persons; HGI came into California to hire plaintiff knowing that she was a California resident; HGI knew that plaintiff remained a California resident throughout her employment; and HGI instructed plaintiff to perform job duties as a traveling performer both within and outside of California.  HGI was at all relevant times an employer subject to the anti-retaliation provisions of the Fair Employment and Housing Act (FEHA), the anti-retaliation provisions set forth in Labor Code section 1102.5, and the anti-retaliation provisions set forth in the California Family Rights Act (CFRA) with respect to plaintiff's employment.

71.     Plaintiff was an employee of defendants until in or around May of 2015.

72.     During said employment, plaintiff engaged in the protected activities of (a) complaining to defendants about violations of law in the workplace including gender discrimination and sexual harassment, (b) taking sick leave for a serious medical condition (pregnancy), and (c) taking pregnancy leave.

73.     When plaintiff complained to defendants about violations of law in the workplace including gender discrimination and sexual harassment in violation of FEHA, plaintiff was thereby communicating to defendants that she was refusing to participate in those violations of law and plaintiff led defendants to believe she had or would in the future report such violations of law to an appropriate governmental authority.

74.     Defendants terminated plaintiff in or around May of 2015 and refused to rehire her or renew her employment contract.  Such contractual renewal was standard absent serious

employee misconduct or serious substandard performance, neither of which applied to plaintiff.

75.     Defendants' adverse employment actions toward plaintiff were substantially motivated by plaintiff's protected activities alleged herein including plaintiff complaining about sexual harassment and gender discrimination, plaintiff refusing to participate in violations of law, defendants' belief that plaintiff had or would report such violations to governmental authorities, plaintiff being sick, pregnant, perceived as disabled by defendant, and plaintiff taking protected leave starting April 9, 2015 due to her pregnancy and related sickness.

76.     As a direct and proximate result of plaintiff's wrongful termination, plaintiff was harmed and damaged in an amount to be proven at trial.  Such damages include, but are not limited to, the following:

a.     Substantial loss of earnings, employment benefits and reduced future earning capacity;

b.     Expenses incurred seeking to regain employment;

c.     Necessary and reasonable attorneys' fees incurred by plaintiff to enforce her rights under FEHA, CFRA and Labor Code 1102.5;

d.     Pain and suffering, embarrassment, humiliation, emotional distress, mental anguish, and severe shock to plaintiff's nervous system causing injury or impairment to plaintiff's physical and mental health, strength and activity;

e.     Past and future expenses for medical, mental health and other health care products and services;

f.     Other general, special, incidental and consequential damages in an amount according to proof at the time of trial.

77.     Defendants engaged in this wrongful conduct with malice, oppression and/or fraud.  This wrongful conduct was committed, authorized or ratified by officers, directors or managing agents of defendants acting on behalf of defendants.  This wrongful conduct was

COMPLAINT FOR DAMAGES

1   despicable, was done with a willful and knowing disregard for the rights or safety of another,

2   was done with intent to cause injury, subjected plaintiff to cruel and unjust hardship in

3   knowing disregard of her rights.  Therefore, plaintiff is entitled to recover punitive damages

4   in an amount to be determined at trial.

5   ## SEVENTH CAUSE OF ACTION

6   ### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

7   **(Against all HGI and Doe Defendants)**

8   78.    All prior statements and allegation are hereby realleged and incorporated by

9   reference except where to do so would be inconsistent with pleading the particular elements

10  of this specific cause of action.

11  79.    As set forth above, defendants discriminated against and harassed and

12  retaliated against plaintiff.  This misconduct was egregious and outrageous.

13  80.    By this outrageous misconduct, defendants intended to cause plaintiff

14  emotional distress.  In addition, defendants acted with reckless disregard of the probability

15  that plaintiff would suffer emotional distress from this misconduct, knowing plaintiff was

16  present when the conduct occurred.

17  81.    Defendants' outrageous misconduct caused plaintiff severe emotional distress.

18  82.    As a direct and proximate result of defendants' outrageous misconduct,

19  plaintiff was harmed and damaged in an amount to be proven at trial.  Such damages include,

20  but are not limited to, the following:

21          a.    Substantial loss of earnings, employment benefits and reduced future

22               earning capacity;

23          b.    Expenses incurred seeking to regain employment;

24          c.    Pain and suffering, embarrassment, humiliation, emotional distress,

25               mental anguish, and severe shock to plaintiff's nervous system causing

26               injury or impairment to plaintiff's physical and mental health, strength

27               and activity;

28  ///

**COMPLAINT FOR DAMAGES**

d.      Past and future expenses for medical, mental health and other health care products and services;

e.      Other general, special, incidental and consequential damages in an amount according to proof at the time of trial.

83.     Defendants engaged in this wrongful conduct with malice, oppression and/or fraud.  This wrongful conduct was committed, authorized or ratified by officers, directors or managing agents of defendants acting on behalf of defendants.  This wrongful conduct was despicable, was done with a willful and knowing disregard for the rights or safety of another, was done with intent to cause injury, subjected plaintiff to cruel and unjust hardship in knowing disregard of her rights.  Therefore, plaintiff is entitled to recover punitive damages in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

## DEFAMATION PER SE

### (Against all Defendants)

84.     All prior statements and allegation are hereby realleged and incorporated by reference except where to do so would be inconsistent with pleading the particular elements of this specific cause of action.

85.     Coach Blacklock made one or more statements to persons other than plaintiff that were about plaintiff.  Those persons reasonably understood that the statements were about plaintiff.

86.     Those persons reasonably understood that the statements were about plaintiff.

87.     Those persons reasonably understood the statements to imply want of chastity on the part of plaintiff, and that plaintiff was adulterous, sexually immoral and prone to or engaging in sexual misconduct.

88.     The statements were false, and Coach Blacklock knew the statements were false.

///

///

89. HGI impliedly or expressly authorized and ratified the statements by failing to take any reasonable action to address the statements afer plaintiff reported the statements to the general manager of HGI.

90. As a direct and proximate result of defendants' defamation per se, plaintiff was harmed and damaged in an amount to be proven at trial. Such damages include, but are not limited to, the following:

    a.    Harm to plaintiff's reputation;

    b.    Shame, mortification and hurt feelings

    c.    Pain and suffering, embarrassment, humiliation, emotional distress, mental anguish, and severe shock to plaintiff's nervous system causing injury or impairment to plaintiff's physical and mental health, strength and activity;

    d.    Past and future expenses for medical, mental health and other health care products and services;

    e.    Other general, special, incidental and consequential damages in an amount according to proof at the time of trial.

91. Defendants engaged in this wrongful conduct with malice, oppression and/or fraud. This wrongful conduct was committed, authorized or ratified by officers, directors or managing agents of defendants acting on behalf of defendants. This wrongful conduct was despicable, was done with a willful and knowing disregard for the rights or safety of another, was done with intent to cause injury, subjected plaintiff to cruel and unjust hardship in knowing disregard of her rights. Therefore, plaintiff is entitled to recover punitive damages in an amount to be determined at trial.

## PRAYER

WHEREFORE, plaintiff prays for judgment against defendants as follows:

**As to the First, Second, Third, Fourth, Fifth and Sixth Causes of Action:**

1. For general damages including losses for pain, suffering and emotional

///

1   distress, as allowed by law, for an amount in excess of $50,000.00 and according to proof at

2   trial;

3       2.    For special damages including medical and related expenses, as allowed by

4   law, for an amount in excess of $50,000.00 and according to proof at trial;

5       3.    For special damages including loss of income and employment benefits (past

6   and future) and lost earnings capacity, and expenses incurred seeking alternative employment

7   and other incidental and consequential expenses, as allowed by law, for an amount in excess

8   of $50,000.00 and according to proof at trial;

9       4.    For an award of punitive damages as allowed by law;

10       5.    For attorneys' fees and costs, as allowed by law;

11       6.    For prejudgment interest on all amounts claimed, as permitted by law;

12       7.    For such other and further relief as the Court deems just and proper.

13   **As to the Seventh and Eighth Causes of Action:**

14       1.    For general damages including losses for pain, suffering and emotional

15   distress, as allowed by law, for an amount in excess of $50,000.00 and according to proof at

16   trial;

17       2.    For special damages including medical and related expenses, as allowed by

18   law, for an amount in excess of $50,000.00 and according to proof at trial;

19       3.    For special damages including loss of income and employment benefits (past

20   and future) and lost earnings capacity, and other incidental and consequential expenses, as

21   allowed by law, for an amount in excess of $50,000.00 and according to proof at trial;

22       4.    For an award of punitive damages, as allowed by law;

23       5.    For costs, as allowed by law;

24   ///

25   ///

26   ///

27   ///

28   ///

1    6.    For prejudgment interest on all amounts claimed, as permitted by law; and

2    7.    For such other and further relief as the Court deems just and proper.

3    DATED:    August 21, 2015          **JAY S. ROTHMAN & ASSOCIATES**

4

5

6                                        KENNETH R. MYERS
                                         Attorney for Plaintiff
7                                        TAMMY BRAWNER

8                          **DEMAND FOR JURY TRIAL**

9        Plaintiff hereby demands a trial by jury of the foregoing causes of action.

10   DATED:    August 21, 2015          **JAY S. ROTHMAN & ASSOCIATES**

11

12

13                                       KENNETH R. MYERS
                                         Attorney for Plaintiff
14                                       TAMMY BRAWNER

15

16

17

18

19

20

21

22

23

24

25

26

27

28

08/26/2015

08/26/2015

**EXHIBIT 1**





STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

August 18, 2015

Kenneth R. Myers, Esq.
21900 Burbank Blvd., Suite 210
Woodland Hills California 91367

RE: **Notice to Complainant or Complainant's Attorney**
DFEH Matter Number: 635377-177074
Right to Sue: Brawner / Harlem Globetrotters International, Inc.

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing
Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue. Pursuant to Government Code section 12962, DFEH will not serve
these documents on the employer. You or your attorney must serve the complaint. If you do not
have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of
Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of
California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets
procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1584 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

August 18, 2015

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 635377-177074
Right to Sue: Brawner / Harlem Globetrotters International, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of
Fair Employment and Housing (DFEH) in accordance with Government Code section 12960.
This constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. This case is not being investigated
by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to
Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing

08/26/2015



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency        GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

DIRECTOR KEVIN KISH

August 18, 2015

Tammy Brawner
21900 Burbank Blvd., Suite 210
Woodland Hills California 91367

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 635377-177074
Right to Sue: Brawner / Harlem Globetrotters International, Inc.

Dear Tammy Brawner,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective August 18, 2015 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

08/26/2015

 

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

Enclosures

cc:

08/26/2015

1

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

2

### BEFORE THE STATE OF CALIFORNIA

3

### DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act

4

(Gov. Code, § 12900 et seq.)

5

6

In the Matter of the Complaint of                    DFEH No. 635377-177074

7

Tammy Brawner, Complainant.

21900 Burbank Blvd., Suite 210

8

Woodland Hills California 91367

9

vs.

10

Harlem Globetrotters International, Inc.,

11

Respondent.

400 E. Van Buren Street, Suite 300

12

Phoenix,  Arizona 85004

13

14

Complainant alleges:

15

16

1. Respondent **Harlem Globetrotters International, Inc.** is a **Private Employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).  Complainant believes respondent is subject to the FEHA.

17

18

2. On or around **May 28, 2015,** complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Harassment, Retaliation Asked impermissible non-job-related questions, Denied a good faith interactive process, Denied a work environment free of discrimination and/or retaliation, Denied employment, Denied family care or medical leave, Denied pregnancy leave, Denied reasonable accommodation, Denied reinstatement, Terminated, .**  Complainant believes respondent committed these actions because of their: **Disability, Engagement in Protected Activity, Family Care or Medical Leave, Medical Condition - including Cancer, Sex - Gender, Sex - Pregnancy** .

19

20

21

22

3. Complainant **Tammy Brawner** resides in the City of **Woodland Hills**, State of **California**.  If complaint includes co-respondents please see below.

-5-

*Complaint – DFEH No. 635377-177074*

Date Filed: August 18, 2015

**Additional Complaint Details:**

From around August of 2014 to April of 2015, I was subjected to unwanted and offensive verbal harassment of a sexual nature. My supervisor spread rumors that I was having a sexual affair with different male co-workers, and when I confronted him, he said that he did not know me well enough to know that I was not a slut. He also told co-workers to stay away from me because I would seduce them and destroy their marriages. I complained to the general manager about this and was terminated a few weeks later. Also, in early 2015, I began getting sick and nauseous and was unable to do my work. My supervisor insisted that I show up at work even though i could not actually do any work, and even though he knew that I was ill. Eventually, this became too much for me and I took a formal medical leave, in April of 2015. A few weeks later, I found out that I was pregnant. I received notice that I was being terminated in May of 2015. I believe my termination was motivated by (1) retaliation for my complaining about the sexual harassment, (2) my taking protected medical/pregnancy leave, and (3) my having a disability/perceived disability (due to having taken medical leave).

-6-

*Complaint – DFEH No. 635377-177074*

Date Filed: August 18, 2015

## VERIFICATION

I, **Kenneth R. Myers, Esq.,** am the Attorney for Complainant in the above-entitled complaint.   I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On August 18, 2015, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles, California**
**Kenneth R. Myers, Esq.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

-7-

*Complaint – DFEH No. 635377-177074*

Date Filed: August 18, 2015

DFEH 902

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|

Jay S. Rothman 49739/Kenneth R. Myers 207103
JAY S. ROTHMAN & ASSOCIATES
21900 Burbank Boulevard, Suite 210
Woodland Hills, CA 91367
TELEPHONE NO.: (818) 986-7870   FAX NO.: (818) 990-3019
ATTORNEY FOR (Name): Plaintiff, TAMMY BRAWNER

**FILED**
Superior Court of California
County of Los Angeles

AUG 26 2015

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Moses Soto

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

CASE NAME: TAMMY BRAWNER v. HARLEM GLOBETROTTERS INTERNATIONAL, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder | | **BC 5 9 2 6 4 8** |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: | |
| | | | DEPT.: | |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action (specify): eight
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 01, 2015

KENNETH R. MYERS
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

Martin Dean's
ESSENTIAL FORMS™

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

BRAWNER, Tammy

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| BRAWNER v. HARLEM GLOBETROTTERS | |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES  CLASS ACTION? [ ] YES  LIMITED CASE? [ ] YES  TIME ESTIMATED FOR TRIAL 5 – 7  [ ] HOURS/ [X] DAYS.

**Item II.** Indicate the correct district and courthouse location (4 steps - If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| Auto (22) | [ ] A7100 | Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Uninsured Motorist (46) | [ ] A7110 | Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1., 2., 4. |
| Asbestos (04) | [ ] A6070<br>[ ] A7221 | Asbestos Property Damage<br>Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| Product Liability (24) | [ ] A7260 | Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Medical Malpractice (45) | [ ] A7210<br>[ ] A7240 | Medical Malpractice - Physicians & Surgeons<br>Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250<br>[ ] A7230<br>[ ] A7270<br>[ ] A7220 | Premises Liability (e.g., slip and fall)<br>Intentional Bodily Injury/Property Damage/Wrongful Death<br>(e.g., assault, vandalism, etc.)<br>Intentional Infliction of Emotional Distress<br>Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

Martin Dean's
ESSENTIAL FORMS™

BRAWNER, Tammy

SHORT TITLE:
**BRAWNER v. HARLEM GLOBETROTTERS**

CASE NUMBER

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| Business Tort (07) | ☐ A6029   Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| Civil Rights (08) | ☐ A6005   Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ A6010   Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ A6013   Fraud (no contract) | 1., 2., 3. |
| Professional Negligence (25) | ☐ A6017   Legal Malpractice<br>☐ A6050   Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☐ A6025   Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination (36) | ☒ A6037   Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024   Other Employment Complaint Case<br>☐ A6109   Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004   Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008   Contract/Warranty Breach-Seller Plaintiff (no fraud/negligence)<br>☐ A6019   Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028   Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections (09) | ☐ A6002   Collections Case-Seller Plaintiff<br>☐ A6012   Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Insurance Coverage (18) | ☐ A6015   Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009   Contractual Fraud<br>☐ A6031   Tortious Interference<br>☐ A6027   Other Contract Dispute (not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300   Eminent Domain/Condemnation          Number of parcels | 2. |
| Wrongful Eviction (33) | ☐ A6023   Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018   Mortgage Foreclosure<br>☐ A6032   Quiet Title<br>☐ A6060   Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer-Commercial (31) | ☐ A6021   Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020   Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022   Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

ESSENTIAL FORMS™

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

BRAWNER, Tammy

| SHORT TITLE: | | CASE NUMBER |
|---|---|---|
| BRAWNER v. HARLEM GLOBETROTTERS | | |

| A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration<br>(11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| Other Judicial Review<br>(39) | ☐ A6150  Other Writ/Judicial Review | 2., 8. |
| Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect<br>(10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation<br>(28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 03/11)<br>LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.0<br>Page 3 of 4

Martin Dean's<br>ESSENTIAL FORMS™

BRAWNER, Tammy

| SHORT TITLE: | CASE NUMBER |
| --- | --- |
| BRAWNER v. HARLEM GLOBETROTTERS | |

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br>☐ 1. ☒ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. | ADDRESS:<br>400 East Van Buren Street,<br>Suite 300 |
| --- | --- |
| CITY: Phoenix | STATE: AZ | ZIP CODE: 85004 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the  Stanley Mosk  courthouse in the Central  District of the Superior Court of California, County of Los Angeles [Code, Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: August 21 , 2015

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.   Original Complaint or Petition.

2.   If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.   Civil Case Cover Sheet, Judicial Council form CM-010.

4.   Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5.   Payment in full of the filing fee, unless fees have been waived.

6.   A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.   Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Martin Dean's<br>ESSENTIAL FORMS™

BRAWNER, Tammy